Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Brandy Stemen



FILED
10 SEP 17 AM 11: 47
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Stemen individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Stepp Law Corporation, a/k/a Stepp Law Group | Case Number: 10 CV 1936 DMS BGS<br><br>**Class Action Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  Brandy Stemen, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Stepp Law Corporation, a/k/a Stepp Law Group, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

ORIGINAL

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Stepp Law Corporation, a/k/a Stepp Law Group took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Santee, State of California.

12. Defendant is located in the City of Irvine, in the State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

15. Sometime before June 17, 2010, Plaintiff is alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before June 17, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

18. Subsequently, but before June 17, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about June 17, 2010, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

20. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

21. In this letter Defendant stated that "We will assume this debt to be valid unless you dispute its validity, or part of it, in writing within 30 days after receiving this letter."

22. Because Defendant requires consumers notify it "in writing" or Defendant will assume the debt to be valid, Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a

statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

23. Because this omission violated the language in 15 U.S.C. § 1692g, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

## CLASS ACTION ALLEGATIONS

24. This action pleads the following class action allegations:

### CLASS 1

A. Plaintiffs define **Class 1** as (i) all persons with addresses within the state of California (ii) who were sent a written communication which was similar, or substantively identical, to Plaintiff's Exhibit A (iii) to recover a debt (iv) which were not returned undelivered by the United States Postal Service.

### CLASS 2

B. Plaintiffs define **Class 2** as (i) all persons with addresses within the United States (ii) who were sent a written communication which was similar, or substantively identical, to Plaintiff's Exhibit A (iii) to recover a debt (iv) which were not returned undelivered by the United States Postal Service.

25. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this action.

26. For purposes of the Second Claim for Relief, the Rosenthal Act Claim, the class period is one year prior to the filing of this action.

27. The Classes are composed of thousands of persons, the joinder of which would be impractical. The individual identities of the individual members are ascertainable through Defendant's records or by public notice.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.;
   b. Whether Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq.;
   c. Whether the Classes are entitled to the remedies available to Plaintiff in the FDCPA;
   d. Whether the Classes are entitled to the remedies available to Plaintiff in the RFDPCA;
   e. Whether the Classes are entitled to declaratory relief;
   f. Whether the Classes are entitled to injunctive relief;
   g. Whether the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;
   h. Whether the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the Rosenthal Act; and
   i. Whether the Classes are entitled to any other remedies.

29. Plaintiff will fairly and adequately protect the interests of the class.

30. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful debt collection practices.

31. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and State Law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and an additional $1,000.00 under the Rosenthal Act. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

33. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

34. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

35. Plaintiff, individually and on behalf of others similarly situated, repeats, re-alleges, and incorporates by reference, all other paragraphs.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37. As a result of each and every violation of the FDCPA, each Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

38. Plaintiff, individually and on behalf of others similarly situated, repeats, re-alleges, and incorporates by reference, all other paragraphs.

39. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

40. As a result of each and every violation of the Rosenthal Act, each Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, prays that judgment be entered against each Defendant, and each Plaintiff be awarded damages from each Defendant, jointly and severably, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: 9/16/2010

By: *[signature]*
Robert L. Hyde
Attorneys for Plaintiff

**EXHIBIT A**

# PLAINTIFFS' EXHIBIT A

Letter Dated June 17, 2010

Dated Thursday, June 17, 2010

---

*In The Case Of*

***Brandy Stemen individually and on behalf of others similarly situated***
***v.***
***Stepp Law Corporation, a/k/a Stepp Law Group***

---

Hyde & Swigart, San Diego, California (619) 233-7770

**STEPP LAW CORPORATION**
15707 ROCKFIELD BLVD., STE. 101
IRVINE, CALIFORNIA 92618
TEL: (949) 660-9700 FAX: (949) 660-9010

June 17, 2010

**\*\*PERSONAL AND CONFIDENTIAL\*\***
BRANDY F. STEMEN AKA BRANDY STEMEN
8841 PEBBLE BEACH CT.
SANTEE, CA 92071

Re:   Original Creditor: CHASE BANK USA N.A.
      Original Account #: ███████████893
      Current Balance of Debt: $6,106.88

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.**

Orions Management Group, LLC now owns the above-referenced debt. Orions Management Group, LLC has referred your account to us with instructions to sue you to collect this debt. The amount now owed on this account is $6,106.88. Because of attorneys fees, interest, and other charges that may vary from day to day, the amount you will be required to pay on the day you pay may be more. Therefore, if you pay that amount, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

We will assume this debt to be valid unless you dispute its validity, or part of it, in writing within 30 days after receiving this letter. If you send us notice in writing within that same 30 day period that this debt, or any part of it, is disputed, we will obtain and mail to you a copy of verification of this debt. If you send us a request in writing within that same 30 day period for the name and address of the original creditor, we will obtain and mail to you the name and address of the original creditor.

If you don't pay this debt, we may file a lawsuit against you. We have not reviewed your complete file, but we have reviewed enough information to determine that a lawsuit against you may be appropriate. If we sue you prior to the expiration of that 30 day period, your rights specified in this letter, including the right to validation, still apply. A lawsuit may result in a judgment against you, which may include costs of the lawsuit, interest, and attorney fees. If we obtain a judgment against you, that judgment could result in a lien against your home and your wages may be garnished. If you want to resolve this matter without a lawsuit, please contact us.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Brandy Stemen Individually and on behalf of others similarly situated

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

### DEFENDANTS
Stepp Law Corporation, a/k/a Stepp Law Group

FILED
10 SEP 17 AM 11:47
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

County of Residence of First Listed Defendant **Orange**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
**10 CV 1936 DMS BGS**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities- Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692, et seq.
Brief description of cause:
FDCPA

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/17/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 18130 AMOUNT $350 9/17/10 BY APPLYING IFP JUDGE _____ MAG. JUDGE _____




ORIGINAL

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS018130
Cashier ID: bhartman
Transaction Date: 09/17/2010
Payer Name: HYDE AND SWIGART
----------------------------------
CIVIL FILING FEE
 For: STEMEN V SEPP LAW CORP
 Case/Party: D-CAS-3-10-CV-001936-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 4103
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```